UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRENDA J. TIBBS,  )
    Plaintiff,  )
      )
v.  )    No. 3:08-CV-219
      )    (Phillips)
JAG INVESTMENT GROUP, INC.,  )
    Defendant.  )

## MEMORANDUM OPINION

Plaintiff Brenda Tibbs filed this action against defendant JAG Investment Group, Inc., d/b/a Perfect Touch Cleaners, and the Dow Chemical Company. Her complaint seeks compensatory damages against the defendants for personal injuries allegedly suffered as a result of exposure to a DOWPER solvent that plaintiff was allegedly exposed to while working for JAG. An agreed order of dismissal as to Dow Chemical Company was entered on February 27, 2009, leaving only plaintiff's claims against JAG. Before the court is JAG's motion for summary judgment, which will be granted and this action dismissed.

## I. Background

Plaintiff alleges in her complaint that she incurred injuries on April 27, 2007, while employed by JAG d/b/a Perfect Touch Cleaners. The complaint further alleges that during the course and scope of her employment and in the performance of her job duties, plaintiff was exposed to and came into contact with a hazardous chemical, DOWPER

solvent. In addition to filing the instant tort action, plaintiff also filed a workers compensation action in the Circuit Court for Campbell County, Tennessee. Defendant JAG has filed a motion for summary judgment relying on the exclusive remedy provision of the Tennessee Workers' Compensation Act set forth at Tenn. Code Ann. § 50-6-108, which JAG argues, precludes the current action pending in this court.

Plaintiff Tibbs has failed to respond to Defendant JAG's motion for summary judgment and pursuant to LR 7.2, her failure to respond will be deemed a waiver of any opposition to the relief sought.

## II. Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes

2

it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

### III. Analysis

The court has reviewed Defendant JAG's motion for summary judgment as well as the record as a whole, and finds that plaintiff's claims are barred by the exclusive remedy provisions of the Tennessee Workers' Compensation Act. The Act provides:

> The rights and remedies granted to an employee subject to this Chapter on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee, the employee's personal representative, dependants or next of kin, at common law or otherwise, on account of the injury or death.

Tenn. Code Ann. § 50-6-108(a). By its terms, the Act provides the exclusive remedy for work-related injuries. *See Lang v. Nissan N.A. Inc.,* 170 S.W.3d, 564, 572 (Tenn. 2005) (Workers' compensation law "constitutes a complete substitute for previous remedies in tort on the part of an employee"); *Snyder v. LTG Luftechnishe Gmb*H*,* 955 S.W.2d 252, 255 (Tenn. 1997) (employers are immune from tort liability due to the exclusive remedy provision of the Workers' Compensation Law).

Plaintiff Tibbs admits in both her workers' compensation action and in the case at bar that she was an employee working for JAG when the alleged injury occurred,

3

and that the injury occurred in the course and scope of her employment. Given that plaintiff clearly alleges that her injuries arose out of and in the course of her employment, and further given her admission that the injuries are controlled by the Tennessee Workers' Compensation Act by virtue of her filing an action for workers' compensation benefits under the Tennessee Workers' Compensation Act, this action is barred by § 50-6-108 of the Tennessee Code. Accordingly, the court finds Defendant JAG's motion for summary judgment well-taken, and it is **GRANTED**, whereby plaintiff's action against JAG is **DISMISSED with prejudice on the merits.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge